Able counsel have submitted a careful brief in his behalf.

We have been cited a number of cases on the question of the voluntary nature of the confession. In discussing the facts of such cases, the appellant gives only his version of what transpired and overlooks the testimony of the peace officers

It has long been the rule in the Supreme Court of the United States and in this Court that it is only when there is undisputed evidence which would render the confession inadmissible that the same becomes inadmissible as a matter of law. Linsenba v. California, 314 U.S. 219, 62 S.Ct. 620, 86 L.Ed. 166; Lyons v. Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; Petry v. State, 158 Tex.Cr.R. 658, 258 S.W.2d 808; Sampson v. State, 160 Tex.Cr.R. 302, 268 S.W.2d 661; Parsons v. State, 160 Tex.Cr.R. 387, 271 S.W.2d 643, certiorari denied 348 U.S. 837, 75 S.Ct. 36, 99 L.Ed. 660.

In the case before us here there is no such undisputed evidence and, the jury having passed upon the disputed facts under an appropriate charge, the confession is admissible.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

**R. L. ADAME, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28515.

Court of Criminal Appeals of Texas.

Oct. 10, 1956.

Jose R. Gonzalez, Arturo C. Gonzalez, Del Rio, O. P. Carillo, San Diego, and Luther E. Jones, Jr., Corpus Christi, for appellant.

Sam B. Burris, Dist. Atty., Alice, Davis Grant, Asst. County Atty., Austin, John Ben Sheppard, Atty. Gen., of Texas, Sam C. Ratliff, Asst. Atty. Gen., of Texas, and

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is theft by false pretext; the punishment, five years.

The State has filed a motion, duly verified, asking that the appeal in this case be abated on account of the death of the appellant.

The motion is granted and the appeal is abated.